Nicholson, C. J.,
delivered the opinion of the Court.
In March, 1861, McCully made a voluntary conveyance of a tract' of land worth about $3,000, to his *713 wife and children. At the time he owned another tract worth $2,000, known as the Lafferty tract. This land was unincumbered, as was his personal property, worth about $1,000.
At the time of the conveyance McCuIly owed Ricketts about $1,260, of which $260 was afterwards paid. He owed besides a debt of about $100.
Judgment was obtained on the debt to Ricketts, which after his death was revived in the name of his administratis, M. J. Ricketts. In 1865, judgments were rendered against McCuIly in favor of Tumbo & Dickson, amounting to about $700. These judgments were on debts contracted by McCuIly several years after his conveyance of the home tract to his wife and children. Executions issued on the judgment in favor of Ricketts, and on the judgments in favor of Tumbo & Dickson, all of which were controlled by Benham, agent for M. J. Ricketts, admin-istratrix and also for Tumbo & Dickson, with a contract with the latter to have one-third, or one-fourth, of all he could collect. Benham had the executions of Tumbo & Dickson levied on the Lafferty tract, which was unincumbered, and at the sale became the purchaser at about $700, the amount of the executions, although the land was worth about $2,000. He had the execution in favor of Ricketts levied on the same tract, which had been,' as stated, conveyed to McCully’s wife and children, and at the sale he purchased it for the estate of Ricketts, at about $1,300, the amount of the judgment and interest. The Sheriff executed a deed to M. J. Ricketts, as administratrix.
*714 M. J. Ricketts and the heirs of her intestate filed this hill to have the deed made by McCully to his wife . and children declared null and void for fraud, alleging that McCully was indebted at the time of the conveyance to Ricketts in about $1,200, and that the conveyance was made to defraud McCully’s creditors. The defendants answered and denied the fraud, and insisted that when McCully made the conveyance, he had the Lafferty tract, worth about $2,000, and personal property worth about $1,000, all unincumbered. They stated further that the debt to Ricketts had preference for satisfaction out of the Lafferty tract, over the debts to Tumbo & Dickson, which were contracted after the home tract was conveyed to his wife and children, and that by the fraud of Benham the debts of Tumbo & Dickson were satisfied out of the Lafferty tract, and the debt to Ricketts satisfied by selling the home tract.
The Chancellor held that the conveyance of the home tract to McCully’s wife and children was not fraudulent but valid, and dismissed the bill.
The record furnishes no evidence of any actual fraud by McCully in the conveyance to his wife and children. It is satisfactorily shown that at the time he made the conveyance he owned other real and personal estate valued at more than twice the amount of all he owed at the time, and that there was no in-cumberance on any of it. No fraudulent intent can be deduced from this state of facts.
But it also appears that the agent of complainant had control of the executions in favor of Ricketts, *715 against McCully, and that he could have secured the debt by levying on the Lafferty tract, but that he declined to do this, and had the executions of Tumbo & Dickson, in which he was partly interested, levied on the unincumbered Lafferty tract.
The proof shows that the Lafferty tract was worth about $2,000, and that it was of value about sufficient to have satisfied all the debts against McCully. Yet Benham was the purchaser of the Lafferty tract at less than half its value, and he seeks to subject the home tract to the satisfaction of the Ricketts debt.
Upon the whole case, we are satisfied with the decree below, and affirm it with costs